# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DENISE MOODY,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO.  24-2579** |
| **COCA-COLA BOTTLING COMPANY**<br>**UNITED, INC., ET AL.,**<br>    **Defendants** | **SECTION: "E" (1)** |

## ORDER AND REASONS

Before the Court is a motion to remand filed by Plaintiff Denise Moody ("Plaintiff").[1] Defendants Walmart Inc., Wal-Mart Louisiana, LLC, and Brandon Sylve ("Sylve") (collectively, "Walmart Defendants") filed an opposition.[2] Defendant Coca-Cola Bottling Company United, Inc. ("Coca-Cola") filed a separate opposition.[3]

## BACKGROUND

On July 11, 2024, Plaintiff filed a petition for damages in the 17th Judicial District Court for the Parish of Lafourche.[4] Plaintiff alleges that on July 11, 2023, she entered a Walmart store in Thibodaux, Louisiana and while there slipped in a pool of water as she was making her way to the checkout area.[5] Plaintiff alleges the water came "from under a beverage cooler," which she "believed to be owned by Coca-Cola."[6] Plaintiff brings negligence claims against the Walmart Defendants and Coca-Cola (collectively, "Defendants").[7] Plaintiff alleges her accident and injuries "were caused by the individual

---

[1] R. Doc. 17.
[2] R. Doc. 18.
[3] R. Doc. 19.
[4] R. Doc. 1-1.
[5] *Id.* at p. 2.
[6] *Id.*
[7] *Id.* at pp. 2-4.

negligence or fault of defendant, Walmart, and its management, specifically including but not limited to Manager Brandon Sylve, and employees, and/or Coca-Cola, and its management and employees."[8] Plaintiff then lists the particular ways in which she alleges the defendants were negligent:

A. Creating and/or permitting the unreasonably hazardous condition to remain on the store's floor;

B. Failure to maintain or construct the premises in a safe condition for the circumstances presented;

C. Failing to implement proper safety, maintenance, or clean up procedures, to address the puddle of liquid on the store's floor and/or for other reasons within the Defendant's control;

D. Failure to warn the Plaintiff of a known dangerous condition;

E. Failure to station an employee in the area of the leak to warn customers of the liquid;

F. Failure to place hazard signs in a proper location that would have provided the Plaintiff with prior notice of the liquid;

G. Failure to warn Plaintiff by way of signs, barricades or by any means, of the hazard or danger;

H. Failure to timely remedy or clean up a known dangerous condition in the walkway;

I. Failure to maintain beverage coolers to prevent leaking;

J. Failure to properly service beverage coolers or merchandisers;

K. Failure to exercise due care and caution under all of the circumstances;

L. Failure to meet generally the standard of care required under the circumstances;

M. Any and all other acts of negligence, fault or imprudence which may be proven during the investigation and/or trial of the merits of this matter, all of which are in violation of the laws of the State of Louisiana and applicable

---

[8] *Id.* at p. 3.

Parish ordinances, which are hereby pleaded and adopted by this reference as though set forth in extenso.[9]

On August 13, 2024, the Walmart Defendants filed an answer.[10] On August 16, 2024, Coca-Cola filed a dilatory exception of vagueness because Plaintiff's allegations "concerning the amount in controversy fail[ed] to indicate whether it is such that there is a lack of jurisdiction of federal courts."[11] In response to Coca-Cola's dilatory exception, Plaintiff, with leave of the state court, filed a first amended petition for damages on October 1, 2024.[12] In the first amended petition, Plaintiff added an allegation that "the monetary amount of Plaintiff's cause of action herein, exceeds the requisite amount to establish the jurisdiction of the federal courts."[13] In the motion to remand, Plaintiff states that, "There were no substantive or factual amendments and no changes to the specification of damages sustained."[14] Coca-Cola then withdrew its dilatory exception as moot.[15]

On October 30, 2024, this case was removed to federal court on the basis of the Court's diversity-of-citizenship jurisdiction.[16] The parties do not contest the amount in controversy or whether it exceeds the jurisdictional threshold of $75,000, exclusive of interest and costs.[17] The parties disagree, however, on whether the complete diversity-of-citizenship requirement is satisfied. It is undisputed that Plaintiff is a citizen of Louisiana for purposes of diversity jurisdiction and that Sylve also is a Louisiana citizen. Thus, complete diversity is, on its face, not present between Plaintiff and Sylve. According to the

---

[9] *Id.* at pp. 3-4.
[10] R. Doc. 1-7 at pp. 20-26.
[11] *Id.* at pp. 31-36.
[12] *Id.* at pp. 55-57.
[13] *Id.*; R. Doc. 17-1 at pp. 2-3.
[14] R. Doc. 17-1 at p. 3.
[15] R. Doc. 1-7 at pp. 59-60.
[16] R. Doc. 1.
[17] *Id.*; R. Doc. 12; R. Doc. 17-1.

Walmart Defendants, however, federal diversity jurisdiction is proper, despite the fact that Plaintiff and Sylve share Louisiana citizenship, because Plaintiff improperly joined Sylve as a defendant.[18] Walmart Defendants argue Plaintiff improperly joined Sylve because Plaintiff only raised "general administrative" responsibility allegations against Sylve.[19] Further, Walmart Defendants represented that Sylve did not work on the day of Plaintiff's slip-and-fall.[20]

On November 4, 2024, the Court ordered Walmart Defendants to amend their notice of removal because of deficiencies in Walmart Defendants' jurisdictional allegations related to the amount in controversy and the domicile of Defendant Wal-Mart Louisiana, LLC.[21] Walmart Defendants timely filed an amended notice of removal on November 14, 2024.[22]

Following review of the amended notice of removal, the Court, on November 25, 2024, held a telephone status conference to discuss Walmart Defendants' improper joinder argument. The Court permitted Plaintiff to file a motion to remand on or before December 27, 2024.[23] Plaintiff timely filed a motion to remand arguing that (1) Defendants waived the defense of improper joinder; (2) Walmart Defendants' removal was untimely; (3) the parties are not completely diverse; and (4) the Defendants have not proven that there is no possibility of recovery against Sylve.[24] Walmart Defendants and Coca-Cola each filed an opposition.[25]

---

[18] R. Doc. 1 at pp. 3-5.
[19] *Id.* at p. 4.
[20] *Id.*
[21] R. Doc. 9.
[22] R. Doc. 12.
[23] R. Doc. 15.
[24] R. Doc. 17-1.
[25] R. Doc. 18; R. Doc. 19.

## LEGAL STANDARD

It is the removing party's burden to establish improper joinder, and the burden is a "heavy" one.[26] The Fifth Circuit has recognized two ways for the removing party to establish improper joinder: (1) "actual fraud in the pleading of jurisdictional facts;" or (2) an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[27] There is no allegation of actual fraud in this case. "The test for improper joinder where there is no allegation of actual fraud is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant."[28]

"In determining the validity of an allegation of improper joinder, the district court must construe factual allegations, resolve contested factual issues, and resolve ambiguities in the controlling state law in the plaintiff's favor."[29] In *Smallwood v. Illinois Central Railroad Co.*, the Fifth Circuit articulated two avenues for determining whether a plaintiff has a reasonable basis for recovery under state law.[30] First, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[31] "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."[32] Second, if the plaintiff has stated a claim and, as a result, survives a Rule 12(b)(6) challenge, but "misstated or omitted discrete facts that would determine the

---

[26] *Lundquist v. J&J Exterminating, Inc.*, No. 07-1994, 2008 WL 1968339, at *2 (W.D. La. May 2, 2008) (quoting *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc)).
[27] *Smallwood*, 385 F.3d at 573 (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).
[28] *Rodrigue v. Continental Ins. Co.*, No. 14-1797, 2014 WL 4999465, at *2 (E.D. La. Oct. 7, 2014) (citing *Smallwood*, 385 F.3d at 573).
[29] *Rodrigue*, 2014 WL 4999465, at *2 (citing *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)).
[30] 385 F.3d at 573; *see also Rodrigue*, 2014 WL 4999465, at *2.
[31] *Smallwood*, 385 F.3d at 573.
[32] *Id.*

propriety of joinder," the court may "pierce the pleadings and conduct a summary inquiry."[33] "[A]lthough the type of inquiry into the evidence is similar to the summary judgment inquiry, the district court is not to apply a summary judgment standard but rather a standard closer to the Rule 12(b)(6) standard."[34] "The district court must also take into account 'the status of discovery' and consider what opportunity the plaintiff has had to develop its claims against the non-diverse defendant."[35]

## LAW AND ANALYSIS

### I.   Defendants did not waive improper joinder arguments.

Plaintiff argues Defendants waived their improper joinder arguments by failing to raise them via a dilatory exception of improper joinder in state court.[36] The Louisiana Code of Civil Procedure supplies the basis for Plaintiff's argument.[37] Specifically, La. C. Civ. Proc. art. 926A.(7) lists "Improper cumulation of actions, including improper joinder of parties" as a dilatory exception a party may raise in Louisiana state court. La. C. Civ. Proc. art. 926B. states, "All objections which may be raised through the dilatory exception are waived unless pleaded therein." Additionally, La. C. Civ. Proc. art. 928A. requires dilatory exceptions "be pleaded prior to or in the answer." Because "Defendants failed plead [sic] the dilatory exception of improper joinder of parties in either of their answers," Plaintiff argues Defendants have waived any arguments on improper joinder.[38] Plaintiff argues "Defendants have made a general appearance and filed an answer in state court which does not raise the exception of improper joinder as required despite the fact that

---

[33] *Id.*
[34] *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004).
[35] *Id.*
[36] R. Doc. 17-1 at pp. 4-5.
[37] *Id.*
[38] *Id.*

nothing has changed from the time of filing suit to today regarding the allegations of domicile of the parties."[39]

Improper joinder under La. C. Civ. Proc. art 926A.(7) is related to "cumulation of actions."[40] "Cumulation of actions is the joinder of separate actions in the same judicial demand, whether by a single plaintiff against a single defendant, or by one or more plaintiffs against one or more defendants."[41] Under La. C. Civ. Proc. art. 463:

> Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:
>
> (1) There is a community of interest between the parties joined;
>
> (2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
>
> (3) All of the actions cumulated are mutually consistent and employ the same form of procedure.

If these three elements are not met, then the joinder is improper, and the improperly joined party may file a dilatory exception of improper joinder.[42]

While improper joinder under the Louisiana Rules of Civil Procedure applies when a joined party differs factually or procedurally from other parties in a suit, the doctrine of improper joinder in the context of removal applies when a plaintiff is unable to state a cause of action against a non-diverse defendant.[43] The Defendants could not have raised the improper joinder of Sylve destroying diversity jurisdiction until the case had been removed and Plaintiff had filed a motion to remand. Because (1) improper joinder of a party in federal court is conceptually different from improper joinder or cumulation of

---

[39] *Id.*
[40] *See* LA. C. CIV. PROC. arts. 461, 463, & 926.
[41] LA. C. CIV. PROC. art. 461.
[42] *See* LA. C. CIV. PROC. art. 463 & 926; *see also Blakely v. Powers*, 590 So. 2d 1286, 1289-90 (La. Ct. App. 1991) (exemplifying the context in which a party may assert a dilatory exception of improper joinder).
[43] *Smallwood*, 385 F.3d at 573.

actions in Louisiana state court, and (2) Defendants could not have raised improper joinder until the case was removed, Defendants did not waive any improper joinder argument related to removal through their actions in Louisiana state court.

## II. Walmart Defendants timely noticed removal.

Plaintiff next argues Defendants' removal was untimely. 28 U.S.C. § 1446 sets forth the procedure for removal.[44] Pursuant to § 1446(b)(1), when a case satisfies the requirements for federal jurisdiction and is thus removable from state court, any notice of removal "shall be filed within 30 days" of a defendant's receipt of "the initial pleading setting forth the claim for relief."[45] In the diversity-jurisdiction context, the Fifth Circuit has ruled that to trigger the 30-day timeline under § 1446(b)(1), a plaintiff's initial state court pleading must contain "a specific allegation that damages are in excess of the federal jurisdictional amount."[46]

Because Louisiana law forbids the pleading of a "specific monetary amount of damages,"[47] 28 U.S.C. § 1446(b)(3), which provides a timeline for removal when the initial pleading does not make clear the case is removable but some later filing does, is relevant to the instant motion to remand.[48] Section 1446(b)(3) allows for "a notice of removal [to] be filed within 30 days after receipt by the defendant" of "an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable."[49]

---

[44] *See Chapman v. Powermatic Inc.*, 969 F.2d 160, 161 (5th Cir. 1992) ("When read as a whole, § 1446(b) provides a two-step test for determining whether a defendant timely removed a case."); *see also, e.g.*, *Wright v. Nat'l Interstate Ins. Co.*, 2017 WL 344283 (E.D. La. Jan 24, 2017).
[45] 28 U.S.C. § 1446(b)(1).
[46] *Chapman*, 969 F. 2d. at 163.
[47] LA. CODE CIV. PROC. art. 893(a)(1). Louisiana law only permits "a general allegation that the claim exceeds or is less than the requisite amount" required for federal jurisdiction or other purposes. *Id.*
[48] 28 U.S.C. § 1446(b)(3).
[49] *Id.* (emphasis added).

Plaintiff claims "All of the facts upon which Walmart and Sylve base their removal were known to them on or before suit was filed [sic]. Therefore, the facts as they stand today were 'first ascertained' long prior to the amendment [of Plaintiff's petition]."[50] For a purported diversity-jurisdiction case to be removable upon the initial pleading, that pleading must "affirmatively reveal on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court."[51] While Louisiana law does not allow a plaintiff to plead a specific amount of money damages, it *does* permit a plaintiff to allege that the damages sought affirmatively meet or fail to meet a specific jurisdictional threshold.[52] Plaintiff did not do so in this case, and in the initial-pleading removal context, courts may not speculate about the jurisdictional sufficiency of generally stated damages[53] nor hold defendants responsible for whether their "subjective knowledge"[54] suggests removal is proper upon the initial pleadings.

Indeed, certain "practical ramifications" underlie the requirement that plaintiffs be specific and deliberate as to the jurisdictional consequences of the damages they claim.[55] Under this rule, courts operate more efficiently, avoiding "copious time" spent in search of what a defendant knew or "should have known" upon receipt of the initial pleading.[56] Even more, defendants need not "remove cases prematurely" for "fear of accidentally" missing the 30-day window of § 1446(b)(1) when the initial pleading does not obviously satisfy removal criteria.[57] Rather, failing any "specific allegation that

---

[50] R. Doc. 17-1 at p. 6.
[51] *Chapman*, 969 F.2d at 163; *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir.2013).
[52] LA. CODE CIV. PROC. art. 893(a)(1).
[53] *See, e.g.*, *Welp v. Hanover Ins. Co.*, No. 07-8859, 2008 WL 235348 (E.D. La. Jan. 28, 2008); *Shaw, et al. v. Wal-Mart Louisiana, LLC, et al.*, 2022 WL 123248 (E.D. La. Jan. 13, 2022).
[54] *Daverede v. State Farm Fire & Cas. Co.*, No. 22-463, 2022 WL 1963713, at *2 (E.D. La. June 6, 2022).
[55] *Mumfrey*, F.3d at 399 (citing *Chapman*, 969 F.2d at 163).
[56] *Id.*
[57] *Id.*

damages are in excess of the federal jurisdictional amount,"[58] a defendant may remove a case within 30 days of receiving the "other paper" from which it may ascertain that the case is removable.[59]

Plaintiff's original state court petition did not satisfy the "bright line rule" that requires a plaintiff to make a *specific allegation* of damages in excess of "the federal jurisdictional amount" to start the 30-day clock for removal.[60] The original petition contained no specific damage allegations.[61] Moreover, Plaintiff did not avail himself of the option provided by Louisiana law to affirmatively state the $75,000 threshold would be exceeded in the original petition.[62] As a result, this case was not removable upon service of that initial pleading.

Defendants' thirty-day time period for removal did not start to run until Plaintiff filed her first amended petition, which, for the first time, stated that "the monetary amount of Plaintiff's cause of action herein, exceeds the requisite amount to establish the jurisdiction of the federal court."[63] The first amended petition is the only "amended pleading, motion, order or other paper" Plaintiff served on Defendants from which Defendants could ascertain the removability of this case.[64] In fact, the only other "pleading, motion, order or other paper" Plaintiff served on Defendant between Plaintiff's initial petition and first amended petition was Plaintiff's motion for leave to file an amended petition.[65] Thus, Defendants thirty day time period for removal did not begin to

---

[58] *Chapman*, 969 F.2d at 163.
[59] 28 U.S.C. § 1446(b)(3).
[60] *See Chapman*, 969 F.2d at 163.
[61] R. Doc. 1-1.
[62] *See* La. Code Civ. Pro. art. 893(A)(1).
[63] R. Doc. 1-7 at p. 56.
[64] 28 U.S.C. § 1446(b)(3). *See generally* R. Doc. 1-6; R. Doc. 1-7.
[65] *See generally* R. Doc. 1-6; R. Doc. 1-7.

run until Plaintiff filed her first amended petition. Walmart Defendants removed this case to federal court within thirty days of Plaintiff filing her first amended petition.[66] Accordingly, Walmart Defendants' removal was timely.

### III.    Plaintiff improperly joined Sylve as a Defendant.

Sylve was off-duty as the manager of the Wal-Mart store, and on vacation in Las Vegas, at the time of the alleged slip-and-fall.[67] Under Louisiana law, a store manager or employee cannot be held liable for an injury to a third party unless the manager or employee breached an independent, personal duty to the third party, which caused the third party's injury.[68] In *Canter v. Koehring*, the Louisiana Supreme Court identified four distinct criteria which must be satisfied before an employee can be found liable to a third party for his or her injury:

(1) The principal or employer owes a duty of care to the third person . . . , breach of which has caused the damage for which recovery is sought;

(2) The duty is delegated by the principal or employer to the defendant;

(3) The defendant . . . has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances . . . ; and

(4) [P]ersonal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of employment. He must have a personal duty towards the injured plaintiff, breach of which specifically caused the plaintiff's damages.[69]

---

[66] R. Doc. 1-7 at p. 56; R. Doc. 1.

[67] R. Doc. 18-2.

[68] *Canter v. Koehring Co.*, 283 So. 2d 716, 720–21 (La. 1973), *superseded by statute on other grounds*, La. Rev. Stat. § 23:1032; *see also Garrett v. AEP River Operations, LLC*, No. 15-5562, 2016 WL 945056, at *2 (E.D. La. Mar. 14, 2016); *Rushing v. Wal-Mart Stores, Inc.*, No. 15-269, 2015 WL 1565064, at *2-3 (E.D. La. Apr. 8, 2015); *Haynes v. Healthcare Servs. Grp., Inc.*, No. 13-649, 2014 WL 2769080, at *3 (M.D. La. May 30, 2014); *Gerald v. Hospitality Properties Trust*, No. 09-2989, 2009 WL 1507570, at *3 (E.D. La. May 27, 2009).

[69] *Canter*, 283 So. 3d at 721; *see also Anderson v. Ga. Gulf Lake Charles, LLC*, 342 Fed. App'x 911, 916 (5th Cir. 2009) (quoting *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 386 (5th Cir. 2009)) ("*Canter*'s four-part

Plaintiff argues Sylve is liable for the injuries Plaintiff sustained in the slip-and-fall incident. In addition to the general allegations reproduced above,[70] the only allegation arguably specific to Sylve is that he "allow[ed] liquid to pool on the store's floor from a beverage cooler which created an unreasonably slippery condition of which the Defendants were aware or in the exercise of reasonable care, should have been aware."[71] Nowhere does Plaintiff allege that Sylve owed Plaintiff a personal, independent duty, delegated by Wal-Mart to Sylve, nor does Plaintiff allege that Sylve breached such a duty through *personal*, rather than *technical* or *administrative*, fault. Allegations such as those in Plaintiffs' state-court petition are not sufficient under *Canter* to impose personal liability on Sylve.

Sylve's absence on the day of Plaintiff's fall presents the biggest issue for Plaintiff.[72] "Louisiana courts have found that a store manager cannot be held personally liable for an incident if the store manager was off-duty on the date in question."[73] For example, in *West v. Home Depot U.S.A., Inc.*, the court found the plaintiff improperly joined a Home Depot store manager and denied the plaintiff's motion to remand.[74] *West* involved a slip-and-fall accident at a Home Depot.[75] The defendants produced evidence that the Home Depot store manager, Eric Hall ("Hall"), was off duty on the day of the accident. The plaintiff's complaint made "a series of allegations against Hall, most of which accuse[d] him of

---

test is used to determine whether an employee is individually liable to third persons, even if they are not co-employees.").

[70] *See supra* at p. 2.

[71] R. Doc. 1-1 at pp. 2-3.

[72] R. Doc. 18-2.

[73] *West v. Home Depot U.S.A., Inc.*, No. 21-1403, 2021 WL 4622213, at *3 (E.D. La. Oct. 7, 2021) (citing *Brown v. Wal-Mart La., LLC*, No. 10-1402, 2011 WL 13161555, at *5 (W.D. La. Mar. 12, 2011)).

[74] *Id.* at *1-3, *5.

[75] *Id.* at *1.

failure to adequately supervise other employees."[76] Two of the plaintiff's allegations, however, did accuse Hall of "being directly involved in creating the hazard" that allegedly caused the plaintiff's injuries.[77] These allegations were that (1) "Hall created an unsafe and hazardous condition" and (2) "Hall facilitated and/or contributed to creating the hazard by participating in the stocking."[78] The court concluded, "because the evidence indicates that Hall was off duty, the only allegations that Plaintiff could reasonably make against him relate solely to his general supervisory duties. Because such claims are barred by *Canter*, the Court concludes that Hall was improperly joined to this suit."

The *West* complaint contained allegations near-identical to Plaintiff's allegations in this case. Both Hall in *West* and Sylve in this case were off duty at the time of the alleged slip-and-fall. Therefore, the same outcome as in *West* is warranted in this case. The Court finds that Plaintiff improperly joined Sylve as a defendant. Sylve will be dismissed from this suit.

## IV.    Complete diversity exists after the Court's dismissal of Sylve.

As between Plaintiff and the remaining Defendants following Sylve's dismissal, complete diversity is present, and federal diversity jurisdiction is proper before this Court. Plaintiff is a citizen of Louisiana.[79] Coca-Cola is an Alabama corporation with its principal place of business in Alabama.[80] Walmart Inc. is a Delaware corporation with its principal place of business in Arkansas.[81] Wal-Mart Louisiana, LLC is a limited liability company. Its sole member is Wal-Mart Stores East, which is a limited partnership.[82] Wal-Mart

---

[76] *Id.* at *3.
[77] *Id.*
[78] *Id.* (internal quotation marks and alterations omitted).
[79] R. Doc. 12 at p. 2.
[80] *Id.* at p. 3.
[81] *Id.*
[82] *Id.*

Stores East has two partners: WSE Management, LLC and WSE Investment, LLC.[83] Both are limited liability companies.[84] The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC. The sole member of Wal-Mart Stores East, LLC is Walmart Inc.[85]

It appears, from Walmart Defendants' amended notice of removal and Plaintiff's allegation that her damages exceed $75,000, that the amount-in-controversy requirement is satisfied.[86] Plaintiff allegedly sustained right knee, left hand, and right shoulder injuries.[87] She had two trigger point injections for lower back pain and a right shoulder injection for rotator cuff repair.[88] Plaintiff has been treating for at least eleven months and treatment is ongoing.[89] Up until November 14, 2024, Plaintiff's medical expenses totaled $17,208.60.[90]

As between the Plaintiffs and the remaining Defendants, complete diversity is present, and federal diversity jurisdiction is proper before this Court.

## **CONCLUSION**

**IT IS ORDERED** that the Plaintiffs' motion to remand is **DENIED**.[91]

**IT IS FURTHER ORDERED** that Defendant Brandon Sylve is **DISMISSED** as a defendant in this action.

**New Orleans, Louisiana, this 21st day of January, 2025.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[83] *Id.*
[84] *Id.*
[85] *Id.*
[86] *See* R. Doc. 12 at pp. 7-9; R. Doc. 1-7 at p. 56.
[87] R. Doc. 12 at p. 8.
[88] *Id.*
[89] *Id.* at pp. 8-9.
[90] *Id.* at p. 9.
[91] R. Doc. 17.